IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

ANTWAN D. GRAY, )
)
    Plaintiff, )
)
v. ) Civil Action No. 3:20CV195–HEH
)
DAVID HACKWORTH, )
)
    Defendant. )

**MEMORANDUM OPINION**
(Dismissing 42 U.S.C. § 1983 Action)

Antwan D. Gray, a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this 42 U.S.C. § 1983 action.[1] The matter is proceeding on Gray's Particularized Complaint ("Complaint," ECF No. 10.) The matter is before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.

## I. PRELIMINARY REVIEW

Pursuant to the Prison Litigation Reform Act ("PLRA") this Court must dismiss any action filed by a prisoner if the Court determines the action: (1) "is frivolous"; or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28

---

[1] The statute provides, in pertinent part:

> Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

U.S.C. § 1915A. The first standard includes claims based upon "an indisputably meritless legal theory," or claims where the "factual contentions are clearly baseless." *Clay v. Yates,* 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin,* 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari,* 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin,* 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (second alteration in original) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a

2

cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556). In order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke,* 574 F.2d 1147, 1151 (4th Cir. 1978), it will not act as the inmate's advocate and develop, *sua sponte*, statutory and constitutional claims that the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II. GRAY'S COMPLAINT

On December 10, 2019, Gray was walking down a hallway in the Hampton Roads Regional Jail ("the Jail"). (Compl. 1.) Gray slipped and fell on a wet floor and injured his back and hip. (*Id.*) The floor was wet because of a leaking pipe in the ceiling. (*Id.*) Gray was taken to the medical department. (*Id.*)

David Hackworth was the Superintendent of the Jail at the time of Gray's accident. (*Id.*) According to Gray, Hackworth knew that the pipes leaked from time to

3

time and did not bother to get them fixed. (*Id.*) Gray contends that Hackworth's inaction in the face of these conditions violated Gray's right to due process under the Fourteenth Amendment.

### III. ANALYSIS

"[I]t is settled that pretrial detainees possess a constitutional right 'to be free from punishment.'" *Williamson v. Stirling*, 912 F.3d 154, 173 (4th Cir. 2018) (quoting *Bell v. Wolfish*, 441 U.S. 520, 535 (1979)). This right "derives from the Due Process Clause of the Fourteenth Amendment, which protects such detainees from punishment 'prior to an adjudication of guilt in accordance with due process of law.'" *Id.* (quoting Bell, 441 U.S. 535 n.16).

Claims such as Gray's, which challenge the general conditions of confinement at a facility, are pursued as a violation of a detainee's substantive due process rights. *Id.* at 174 (citations omitted).[2] "The controlling inquiry for such a claim is whether the conditions imposed on the pretrial detainee constitute 'punishment.'" *Id.* at 175 (citations omitted). The relevant precedent teaches that "punishment, whether for a convicted inmate or a pretrial detainee, is the product of intentional action, or intentional inaction, respecting known and *substantial* risks of harm." *Westmoreland v. Brown*, 883 F. Supp. 67, 72 (E.D. Va. 1995) (citing *Farmer v. Brennan*, 511 U.S. 825, 837–38 (1994)).

In this regard, "individuals do not have a constitutional right (1) to be free from a government employee's negligence, even if it causes an injury, or (2) to have the

---

[2] "A pretrial detainee challenging individually-imposed restrictions — as opposed to shared conditions of confinement — is entitled to pursue a procedural due process claim." *Williamson*, 912 F.3d at 174 (citations omitted).

4

government protect them from such an injury." *Ball v. City of Bristol, Va., Jail*, No. 7:10CV00303, 2010 WL 2754320, at *1 (W.D. Va. July 12, 2010) (citing *Daniels v. Williams*, 474 U.S. 327 (1986)). Courts have routinely held that slip and fall cases fail to state a claim of constitutional dimension under § 1983. *See Bacon v. Carroll*, 232 F. App'x 158, 160 (3d Cir. 2007) (holding that failure to warn of slippery floor stated a claim of mere negligence and not a constitutional violation); *Reynolds v. Powell*, 370 F.3d 1028, 1031–32 (10th Cir. 2004) (finding that slippery conditions arising from standing water in shower was not a condition that posed a substantial risk of serious harm, even where inmate was on crutches and warned employees that he faced a heightened risk of failing); *Beasley v. Anderson*, 67 F. App'x 242, 242 (5th Cir. 2003) (citations omitted) (holding slip and fall claim sounded in negligence and was insufficient to allege a constitutional claim). Accordingly, Gray fails to demonstrate that the slippery floor to which he was exposed amounted to punishment that would violate the Fourteenth Amendment. Accordingly, Gray's claim and the action will be dismissed. The Clerk will note the disposition of the action for purposes of the 28 U.S.C. § 1915(g).

An appropriate Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
Senior United States District Judge

Date: Oct 29 2020
Richmond, Virginia